# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO McKENZIE, | CASE NO. 1:06-CV-00062-OWW-LJO-P |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE EIGHTH AMENDMENT CLAIMS |
| v. | |
| JEANNE WOODFORD, et al., | |
| Defendants. | (Doc. 1) |

I.  Screening Order

    A.  Screening Requirement

Plaintiff Gustavo McKenzie ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 20, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.  Summary of Plaintiff's Complaint

The events at issue in the instant action allegedly occurred at California State Prison-Corcoran, where plaintiff was housed at the time. Plaintiff names former California Department of Corrections and Rehabilitation Director Jeanne S. Woodford, Warden A. K. Scribner, Lieutenants S. Grandy and S. Rousseau, Sergeant F. Martinez, Correctional Officers Reynaldo Aguirre, M. P. Portillo, M. Quinonez, M. Lopez, and R. M. Lerma, Medical Technical Assistant R. Zamora, and Registered Nurse S. MacIlvane as defendants.

Plaintiff is seeking monetary, declaratory, and injunctive relief. Because plaintiff is no longer housed at Corcoran, his claims for declaratory and injunctive relief are moot, 28 U.S.C. § 2201(a); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.

1991); Societe de Conditionnement en Aluminium v. Hunter Engineering Co., Inc., 655 F.2d 938, 942 (9th Cir. 1981), and this action shall be treated as one for money damages only.

      C.    Plaintiff's Claims

           1.    Eighth Amendment Claims

Plaintiff alleges that on March 12, 2004, after being let out for breakfast, defendants Aguirre and Portillo ordered him to proceed past them and as he was doing so, he received a hard blow to the back of his head. (Comp., ¶10.) Plaintiff alleges that he turned and saw defendant Portillo holding his baton in a threatening manner and shouting at plaintiff to get down. (Id.) Defendant Quinonez then fired a shot from the control booth. (Id.) Plaintiff ran to the dayroom floor and assumed a prone position, as did the other inmates. (Id.) Defendant Aguirre approached plaintiff and ordered him to place his hands behind his back, which he did. (Id.) Plaintiff alleges defendant Agguire snatched plaintiff's glasses off, kicked plaintiff, got on plaintiff's back on his hands and knees, and emptied his canister of pepper spray in plaintiff's face. (Id.) After responding officers arrived, defendants Lopez and Lerma pulled plaintiff to his feet. (Id., ¶11.) Plaintiff requested a shower because of the burning from the pepper spray, but his request was denied by Lopez and Lerma. (Id.) Plaintiff alleges that defendants subsequently falsified reports by stating that plaintiff refused decontamination. (Id.)

After defendant Zamora arrived to do an evaluation, plaintiff informed Zamora that plaintiff had been assaulted by correctional officers and needed to be decontaminated. (Id., ¶12) Plaintiff alleges it was also obvious he needed to be decontaminated because he was soaked in pepper spray and the smell was apparent from a distance. (Id.) Plaintiff alleges that defendant Zamora also denied him medical treatment and falsified a medical report. (Id.) Plaintiff alleges that defendant Martinez was present as various times, but ignored plaintiff's demands for decontamination and falsified a report by stating that plaintiff refused decontamination. (Id., ¶13.) Associate Warden Sheppard-Brooks subsequently issued an order for medical attention and decontamination, but defendants Lopez, Lerma, Zamora, and MacIlvaine failed to carry out the order. (Id., ¶14.)

///

///

a. <u>Excessive Force</u>

"Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause [of the Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992) (citing <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21 (1986)). "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between the need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" <u>Hudson</u>, 503 U.S. at 7. "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." <u>Id</u>.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action. <u>Id</u>. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." <u>Id</u>. (citing <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033 (2nd Cir. 1973) (<u>cert</u>. <u>denied</u> <u>sub</u> <u>nom</u>. <u>Johnson</u>, 414 U.S. 1033 (1973)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition <u>de minimis</u> uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" <u>Id</u>. at 9-10. However, the malicious and sadistic use of force to cause harm *always* violates contemporary standards of decency, regardless of whether or not significant injury is evident. <u>Id</u>. at 9; <u>see</u> <u>also</u> <u>Oliver v. Keller</u>, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines <u>de minimis</u> uses of force, not <u>de minimis</u> injuries)).

Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983 against defendants Aguirre and Portillo for use of excessive force. Fed. R. Civ. P. 8(a). However, the allegation that defendant Quinonez fired a shot from the tower does not support a claim that Quinonez used force against plaintiff at all, let alone used force which was excessive.

///

///

b.     Medical Care

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983 against defendants Lopez, Lerma, Zamora, MacIlvaine, and Martinez for acting with deliberate indifference to plaintiff's medical needs by failing to provide plaintiff with any treatment following the incident in which he was sprayed with pepper spray. Fed. R. Civ. P. 8(a).

3.     Fourteenth Amendment Claim - Due Process

Plaintiff alleges that his right to due process was violated. Because plaintiff sets forth all of his factual allegations in narrative form and then lists separately the rights which he believes were violated, some difficulty in ascertaining the precise bases for some of plaintiff's claims results. It appears that plaintiff's due process claim is premised on his placement in administrative segregation and the ensuing rules violation report he received for allegedly battering a peace officer, a charge plaintiff contends is false.

Plaintiff alleges that on March 12, 2004, following the incident in which he was sprayed with pepper spray, he was placed in administrative segregation ("ad-seg"). (Comp., ¶15.) On March 17, 2004, plaintiff attended a hearing at which the Institutional Classification Committee ("ICC") elected

5

to retained him in ad-seg. (Id.) Defendant Grandy referred a charge against plaintiff for battery on a peace officer to the Kings County District Attorney's Office for prosecution and plaintiff was arraigned on July 29, 2004. (Id.)

On November 9, 2004, a disciplinary hearing was held on the rules violation report for battery on a peace office. (Id., ¶16.) Plaintiff was found guilty and assessed a credit forfeiture of one-hundred fifty days and confined to quarters for ten days. (Id.; Exhibit N.) On December 17, 2004, a jury found plaintiff not guilty of the criminal charge against him for battery on a peace officer. (Id., ¶17.) Plaintiff alleges that a trial verdict overrides a disciplinary hearing verdict, but on the day of the verdict, a new lock-up order was issued. (Id., ¶18.) On December 22, 2004, the ICC assessed a twelve-month Security Housing Unit ("SHU") term against plaintiff, despite plaintiff's evidence of the jury verdict in his favor. (Id.) After plaintiff filed a grievance, a new lock-up order was issued on January 3, 2005. (Id., ¶19.) Plaintiff's SHU term was vacated, but the committee elected to retain plaintiff in ad-seg pending transfer to another institution on the ground that the officer involved was still employed at the institution. (Id.; Exhibit Q.) Throughout these events, plaintiff alleges that various defendants submitted reports containing false information.

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Such interests are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Plaintiff does not have a protected liberty interest under state law in remaining free from ad-seg. Id.; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due

process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted). Therefore, to the extent that plaintiff is attempting to pursue a claim for relief based on denial of due process stemming from his confinement in ad-seg, plaintiff fails to state a claim.

As a result of being found guilty of the disciplinary violation, part of the punishment assessed was the forfeiture of one-hundred fifty days of time credits. (Comp., Exhibit N.) Inmates have a protected liberty interest in their time credits. Sandin, 515 U.S. at 477-78 (citing with approval Wolff v. McDonnell, 418 U.S. 539, 557 (1974) (state-created interest in shortened prison sentence is an interest of "real substance")). However, where "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing to Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected). Because the punishment imposed at the disciplinary hearing in part affects the duration of plaintiff's sentence and a finding that plaintiff was convicted of the disciplinary violation without due process of law would invalidate the result of the disciplinary hearing, plaintiff's claim is barred until such time as plaintiff invalidates the result of the disciplinary hearing either through a petition for writ of habeas corpus or through prison procedures.[1]

In conclusion, subject to an exception not applicable here, Burnsworth v. Gunderson, 179 F.3d 771 (9th Cir. 1999), in order to pursue a due process claim, either procedural or substantive, plaintiff must identify a protected interest. Wilkinson, 125 S.Ct. at 2393; Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998). Absent the existence of a protected interest, plaintiff may not pursue a claim for denial of due process. With the exception of the forfeiture of time

---

[1] It is unclear from the complaint if plaintiff's time credits were restored due to the jury verdict in his favor. If plaintiff's time credits were restored, plaintiff's claim that he was deprived of a liberty interest fails as a matter of law. If the credits were not restored, plaintiff's claim is barred as set forth herein.

7

credits, plaintiff has not alleged any facts supporting a claim that he was deprived of a protected interest without due process of law. Accordingly, the court finds that plaintiff's complaint fails to state a claim for denial of due process.

### 4. Fourteenth Amendment Claim - Equal Protection

In his complaint, plaintiff alleges a claim for relief for violation of the Equal Protection Clause of the Fourteenth Amendment. Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren, 152 F.3d at 1194.

The basis of plaintiff's equal protection claim is not clear. Plaintiff has not alleged any facts supporting a claim that one or more defendants intentionally discriminated against him and treated him differently from other similarly situated inmates. To the extent that plaintiff is attempting to base a claim on the "discriminatory" remarks defendant Aguirre made about his dreadlocks at the end of 2003 and beginning of 2004, and the failure of defendant Martinez to respond to plaintiff's complaints about those remarks, the claim falls short. (Comp., ¶¶6, 7.) Mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

///

///

5. <u>Claim Against Woodford and Scribner</u>

Plaintiff names former Director Woodford and Warden Scribner as defendants. Under section 1983, liability may <u>not</u> be imposed on supervisory personnel for the actions of their employees under a theory of <u>respondeat superior</u>. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See <u>Leatherman v. Tarrant County Narcotics Unit</u>, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that defendants Woodford and Scribner personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u> at 646. Accordingly, plaintiff fails to state a claim against either defendant under section 1983.

D. <u>Conclusion</u>

The court finds that plaintiff's complaint contains cognizable claims for relief under section 1983 against defendants Aguirre and Portillo for use of excessive force and against defendants Lopez, Lerma, Zamora, MacIlvaine, and Martinez for denial of medical care, in violation of the Eighth Amendment. However, the court finds that plaintiff's complaint does not contain any other claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and wishes to proceed against defendants Aguirre, Portillo, Lopez, Lerma, Zamora, MacIlvaine, and Martinez on his Eighth Amendment claims only, plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the remaining claims and defendants be dismissed from this action, and will forward plaintiff seven summonses and seven USM-285 forms to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendants Aguirre, Portillo, Lopez, Lerma, Zamora, MacIlvaine, and Martinez.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the court in this order, or
   b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendants Aguirre and Portillo for use

of excessive force and against defendants Lopez, Lerma, Zamora, MacIlvaine, and Martinez for denial of medical care, in violation of the Eighth Amendment; and

4. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:    June 16, 2006**            /s/ Lawrence J. O'Neill
b9ed48                                 UNITED STATES MAGISTRATE JUDGE